**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sandra Lucille Carl,<br>Plaintiff,<br>v.<br>FCA US LLC,<br>Defendant. | No. CV-26-08163-PCT-DJH<br>**ORDER** |

On September 16, 2026, Plaintiff Sandra Lucille Carl ("Plaintiff") filed a Motion for Extension of Time for Service of Complaint (Doc. 6), requesting an additional 120 days to serve Defendants. The current service deadline is October 10, 2026, and Plaintiff's requested extension would continue the deadline to February 8, 2027. However, the Court finds that Plaintiff has not demonstrated good cause necessitating such an extension.

Under Federal Rule of Civil Procedure 4(m), service of process on a defendant is due within 90 days of the filing of the complaint. Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Courts must determine on a case-by-case basis whether the serving party has shown good cause. *In re Sheehan*, 253 F.3d at 512. Generally, good cause is equated with *diligence*. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir.1987) (emphasis added). A showing of good cause requires more than inadvertence or

mistake of counsel. *Id.* "[A]t a minimum, good cause means excusable neglect." *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

In its Motion, Plaintiff fails to describe any efforts it has taken to serve the Defendant in this case. Instead, Plaintiffs relies on the fact that the parties are in the process of settlement negotiations. (Doc. 6 at 1). In fact, Plaintiff states that she "does not intend to pursue service of the Complaint unless the parties are unable to reach a settlement." (*Id.* at 2). However, this is not Plaintiff's decision to make. Plaintiff filed this case with full knowledge that Federal Rules of Civil Procedure would govern these proceedings, including the Rule governing service deadlines. The parties are clearly in contact, and therefore there is no reason why Plaintiff could not have either obtained a waiver of service or completed personal service. Moreover, there is no reason why Plaintiff could not do either of these things in the coming weeks prior to the current service deadline. The possibility of settlement does not excuse the parties from their deadlines. *See*, *e.g.*, *Williams v. Vilsack*, 2021 WL 3540586, at *4 (W.D. Wash. 2021) ("Settlement negotiations occur in nearly every case, and they do not toll the Court's deadlines.").

Because Plaintiff has not made any efforts to serve Defendant, Plaintiff has not established good cause. On a final note, even if Plaintiff had made efforts, the Court would still find the requested 120-day extension to be excessive.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time for Service of Complaint (Doc. 6) is **DENIED without prejudice**. If Plaintiff opts to re-file their Motion, Plaintiff must show good cause as to why an extension of time is necessary. This includes demonstrating that it has been diligent in its service efforts thus far.

Dated this 29th day of September, 2026.

Honorable Diane J. Humetewa
United States District Judge