**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Sandra Lucille Carl,

Plaintiff,

v.

FCA US LLC,

Defendant.

No. CV-26-08163-PCT-DJH

**ORDER**

Plaintiff Sandra Lucille Carl ("Plaintiff") was instructed to file proof of service of the summons and complaint or of waiver of service by October 10, 2026 (Doc. 5) and failed to do so. Accordingly, this matter was administratively closed on October 19, 2026. (Doc. 8). On October 22, 2026, Plaintiff filed a Motion to Reopen Case (Doc. 10) and submitted a Notice of Service (Doc. 9), indicating that Defendant FCA US, LLC ("Defendant") was served on October 5, 2026. (*See* Doc. 9-1). Plaintiff now states that this certificate of service was not filed due to administrative oversight and seeks to reopen the case on a claim of excusable neglect. (Doc. 10 at 2–4).

On "motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding" for, among other reasons, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Ultimately, the decision of whether a party's failure to meet a deadline qualifies as "excusable neglect" under Rule 60(b)(1) is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*

*P'ship*, 507 U.S. 380, 395 (1993). To determine whether "excusable neglect" has been established, courts consider four factors: "(1) danger of prejudice to the opposing party; (2) length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.*

Here, the length of delay was minimal as this case was only closed on October 19, 2026. Plaintiff has established that the failure to file the certificate of service was due to a clerical error, and there is no evidence of bad faith. (*See* Doc. 10 at 3–4). Finally, Defendant will not be prejudiced given the slight delay and early stage of the proceedings. In sum, Plaintiff has established excusable neglect, and the Court will reopen this case. However, parties should be aware that deadlines will be strictly adhered to throughout the pendency of this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reopen Case (Doc. 10) is **GRANTED**. The Clerk of Court is kindly directed to reopen this case.

**IT IS FURTHER ORDERED** that Plaintiff shall serve this Order on Defendant in accordance with Fed. R. Civ. P. 5(b).

**IT IS FINALLY ORDERED** that Defendant shall answer or otherwise respond to Plaintiff's Complaint **within twenty-one (21) days of this Order**.

Dated this 23rd day of October, 2026.

Honorable Diane J. Humetewa
United States District Judge